**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:26-CV-00500-KDB-MTO**

**TIGRESS SYDNEY ACUTE MCDANIEL,**

**Plaintiff,**

**v.**

**EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, AND VERIZON COMMUNICATIONS, INC.,**

**Defendants.**

**MEMORANDUM AND ORDER**

**THIS MATTER** is before the Court on numerous motions from the parties in this contentious breach of contract and FRCA action, which Defendants removed from North Carolina's small claims court. Plaintiff Tigress McDaniel has filed two motions to amend the complaint, a motion to remand, a motion for sanctions, and a motion for judgment on the pleadings or summary judgment (Doc. Nos. 11, 15, 20, 35, 40). Defendant Experian Information Solutions, Inc., ("Experian") has filed a motion to dismiss and a motion to strike Plaintiff's motion for sanctions (Doc. Nos. 26, 38).

The Court further notes that McDaniel is subject to a prefiling review order in this District due to her history of filing "abusive, frivolous, malicious, manipulative, and harassing litigation."[1]

[1] As further indication of Plaintiff's litigiousness, the Court observes that the proposed Amended Complaint appears to contemplate—if not expressly reference—additional, similar litigation against Spectrum and CM, LP. *See* Doc. No. 15-1 ¶¶ 13 ("On or about September 4, 2022 [the day after signing up for Verizon phone and home Wi-Fi services), Plaintiff did contact Spectrum and initiated the Ultra … Spectrum offered the Gig WiFi plan …. Plaintiff accepted the

*See* 3:23-cv-21, Doc. No. 12. Under that order, all submissions by McDaniel must be screened for content, and any claims "not made in good faith or which lack[s] substance or merit" are subject to dismissal. *Id.* at 2.

The Court has carefully considered all pending motions, together with the parties' briefs and supporting exhibits. For the reasons discussed below, and after conducting the required prefiling review, the Court will permit McDaniel to file her proposed Amended Complaint but will dismiss the negligence and FCRA claims. The Court will decline to exercise supplemental jurisdiction over the remaining breach of contract claim and will remand that claim to the Small Claims District Court in Mecklenburg County, North Carolina. The Court will also grant Experian's motions to dismiss and to strike.

## I. LEGAL STANDARD

### A. Prefiling Review

Because McDaniel is subject to a prefiling review, the Court will review her proposed Amended Complaint under § 1915 to determine whether it—or any part of it—is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). *See Ejim v. Thomas J. Henry, PLLC,* No. 1:25-CV-1103-ADA-SH, 2025 WL 2399237 (W.D. Tex. July 29, 2025), *report and recommendation adopted,* No. A-25-CV-01103-ADA-SH, 2025 WL 2394553 (W.D. Tex. Aug. 18, 2025) (dismissing some, but not all of the claims in the complaint for failing to state a plausible claim

offer."); 40 ("Thus, Spectrum's and CM LP's furnishing of false information constitutes gross negligence."); 43 ("All of which have caused Plaintiff uniquely specific harm, including but not limited to personal economic hardship affecting her minor child as well; corporate economic hardship because she owns the corporation which is her primary source of income for which she applied for the loan at issue and was declined on the basis of the Spectrum collection account reported to CRA's by CM, LP.")

for relief); *Brown v. Registrar of Deeds for Cleveland Cnty.*, No. 1:24-CV-00283-MR-WCM, 2024 WL 4896698, at *2 (W.D.N.C. Nov. 26, 2024), *aff'd,* No. 25-1267, 2025 WL 2506094 (4th Cir. Sept. 2, 2025) (explaining that under § 1915, courts must "conduct an initial review and dismiss the complaint, or any portion of the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted").

In its frivolity review, the Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Furthermore, a pro se complaint must be construed liberally.[2] *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the Complaint which set forth a claim that is cognizable under federal law. *Weller v. Dep't of Soc. Servs*., 901 F.2d 387 (4th Cir. 1990). To be sure, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

**B. Motion to Dismiss**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft,* 556 U.S. at 678; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566 U.S. 30 (2012). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v.*

[2] Although Plaintiff asserts that she holds a Juris Doctor and is a lawyer, she does not allege that she has passed any bar examination or that she is a member of any state bar. Accordingly, the Court evaluates her filings under the more liberal pro se pleading standard.

*Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The Court, however, accepts all well-pled facts as true and draws all reasonable inferences in Plaintiff's favor. *See Conner v. Cleveland Cty., N. Carolina*, No. 19-2012, 2022 WL 53977, at *1 (4th Cir. Jan. 5, 2022); *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

In so doing, the Court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Pa. Nat'l Mut. Cas. Ins. Co. v. Beach Mart, Inc.*, 932 F.3d 268, 274 (4th Cir. 2019). Construing the facts in this manner, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Pledger v. Lynch*, 5 F.4th 511, 520 (4th Cir. 2021) (quoting *Ashcroft*, 556 U.S. at 678). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

When deciding a motion to dismiss, "a court considers the pleadings and any materials 'attached or incorporated into the complaint.'" *Fitzgerald Fruit Farms LLC v. Aseptia, Inc.*, 527 F. Supp. 3d 790, 796 (E.D.N.C. 2019) (quoting *E.I. du Pont de Nemours & Co.*, 637 F.3d at 448). Further, this Court is required to liberally construe pro se complaints, which are held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller,* 901 F.2d at 391; *see also Ashcroft*, 556 U.S. at 684 (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

## II. FACTS AND PROCEDURAL HISTORY

In September 2022, McDaniel contracted for wireless phone and home Wi-Fi services with Defendant Verizon. Amended Complaint, Doc. No. 15-1 ¶ 11. She also accepted two promotional offers, obtaining iPhones under a Buy-One-Get-One ("BOGO") promotion and two Apple Watches that were advertised as "free" with a line of service.[3] Exhibit D, Doc. No. 15-5 at 4. McDaniel alleges that Verizon touted itself as "the best wireless network." Doc. No. 15-1 ¶ 10.

In November 2022, when she was unsatisfied with Verizon's service—or perhaps because she purchased duplicate services from Spectrum—McDaniel cancelled all her service lines.[4] Doc. Nos. 15-1 ¶ 13; 15-5 at 3. When Verizon subsequently billed her for the full, non-promotional prices of the devices (totaling $5,326 for the devices, service charges and payment reversals), McDaniel asserted that because Verizon failed to provide her the "best service," it breached the Customer Agreement and relieved her of any obligation to pay. Doc. Nos. 15-1 ¶ 18; 15-5 at 3–5.

Verizon responded that it would "not be waiving the remaining installment balance and allowing [Plaintiff] to have free phones as [her] dispute has no merit." Doc. No. 15-5 at 5. Verizon further reminded McDaniel that the Customer Agreement she accepted expressly disclosed that wireless service is subject to numerous limitations, including signal range, network capacity, device performance, terrain, buildings, foliage, and weather. *Id.*

McDaniel alleges that she initiated arbitration with Verizon in March 2023. Doc. No. 15-1 ¶ 14. After McDaniel failed to pay the outstanding balance, Verizon reported the $5,332 balance

---

[3] The Court may properly consider Plaintiff's Exhibits, because they are attached to and incorporated into her proposed Amended Complaint.

[4] Plaintiff signed up for Spectrum Wi-Fi the day after she signed up for Verizon's phone and Wi-Fi services. Doc. No. 15-1 ¶ 13.

to Defendants Experian and TransUnion, LLC ("TransUnion") as an unpaid charge off. Doc. No. 15-1 ¶¶ 15–16. In 2025, McDaniel alleges the tradeline was updated from "closed" to a "collection account." *Id.* ¶ 17. She disputed the reporting with the defendant credit bureaus, and she attaches their reinvestigation results, each confirming the accuracy of the reporting, to the proposed Amended Complaint as Exhibits B and C (Doc. Nos. 15-3 and 15-4). *Id.* ¶ 18.

In April 2026, after Verizon allegedly failed to comply with her arbitration demand, she filed this action in Mecklenburg County Small Claims Court, asserting a breach of contract claim against Verizon. Doc. No. 15 ¶ 1. She later amended her complaint to add the defendant credit bureaus and to assert claims under the FCRA, prompting Defendants to remove the matter to this Court. *Id.* ¶¶ 2, 6. McDaniel now seeks leave to amend her complaint a second time, Experian moves to dismiss, and the parties have filed several additional motions. Although McDaniel has not yet responded to Experian's motion to strike, all pending motions (except McDaniel's motion for judgment on the pleadings) are otherwise ripe for this Court's disposition.

## III. DISCUSSION

First, McDaniel includes a motion for Rule 11 sanctions within her Reply to Experian's Response in Opposition to Her Motion for Leave and Amended Motion Thereto to File Amended Complaint (Doc. No. 35). Experian moves to strike the filing for failure to comply with Local Rule 7.1(c)(2). Doc. No. 38. The Court agrees that McDaniel has not complied with Western District of North Carolina's Local Rule 7.1(c)(2), which requires that "[m]otions shall not be included in responsive briefs. Each motion must be set forth as a separately filed pleading." The Court will therefore grant Defendant's motion and strike the motion seeking sanctions.

Because they supply the sole basis for federal jurisdiction, the Court will next address McDaniel's FCRA claims against all Defendants. She alleges a violation of 15 U.S.C. § 1681s-2

against Verizon, violations of 15 U.S.C. § 1681i against Experian and TransUnion, and asserts that Defendants acted either negligently or willfully, in violation of 15 U.S.C. §§ 1681n, and 1681o. For the reasons explained below, McDaniel's FCRA and negligence claims lack merit and border on frivolous. The Court will thus dismiss those claims as to all Defendants.

As McDaniel is well aware, there is no private right of action for violating § 1681s-2(a).[5] *See* 15 U.S.C. § 1681s–2(c)(1); *Weber v. Specialized Loan Servicing, LLC,* 627 F. Supp. 3d 538, 545 (E.D.N.C. 2022); *Lovegrove v. Ocwen Home Loans Servicing, L.L.C.*, 666 F. App'x 308, 313 (4th Cir. 2016). Therefore, to the extent that she is asserting a claim under § 1681s-2(a), it is not legally cognizable and must be dismissed.

To state a plausible claim under the remaining FCRA provisions (§§ 1681s-2(b), 1681i(a)(4), and 1681i(a)(5)), McDaniel must first allege that her credit report contains an inaccuracy. *See Roberts v. Carter-Young, Inc.*, 131 F.4th 241, 252 (4th Cir. 2025) (a plaintiff alleging a violation of §1681s-2(b) "must allege facts that, if true, show that her credit report contained inaccurate or incomplete information. Those factual allegations must also show that the inaccuracy or incompleteness is objectively and readily verifiable by the furnisher for the plaintiff's claim to survive a Rule 12 motion."); *Murray v. Trans Union, LLC*, No. 3:25-CV-00669-KDB-DCK, 2026 WL 1805158, at *3 (W.D.N.C. June 23, 2026) ("Stating a claim under § 1681i thus also necessarily requires that a plaintiff show an inaccuracy within his consumer report."); *Davis v. Trans Union LLC*, Civ. No. JRR-24-02338, 2025 WL 886173, at *4 (D. Md. Mar. 21, 2025) (Both §§1681i(a)(4) and 1681i(a)(5) require a plaintiff to allege an inaccuracy in their credit

[5] Plaintiff unsuccessfully attempted to bring this same claim against Experian, TransUnion, and others in a separate matter in 2023. *See McDaniel v. Hunter Warfield, Inc.,* No. 5:23-CV-732-D, 2024 WL 1812135 (E.D.N.C. Apr. 25, 2024), *appeal dismissed,* No. 24-1415, 2024 WL 4200052 (4th Cir. Sept. 16, 2024).

report). Under the FCRA, a report is "inaccurate when it is 'patently incorrect' or when it is 'misleading in such a way and to such an extent that it can be expected to [have an] adverse [ ]' effect." *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001) (quoting *Sepulvado v. CSC Credit Servs.,* 158 F.3d 890, 895 (5th Cir. 1998)).

McDaniel's claims fail at this threshold requirement because she has not identified any inaccuracy in her consumer file. Her primary contention is that Verizon promised to provide her with the "best service" and failed to do so, allegedly prompting her to cancel her phone and internet services only months after the services started. Doc. No. 15-5 at 3–5. Because McDaniel cancelled the service lines required to maintain promotional pricing—the BOGO iPhones and the and the "free" Apple Watches—Verizon billed her for "service charges, payment reversals, and the remaining installment balances," totaling $5,326.[6] *Id.* at 3.

McDaniel's belief that she should not have to pay the balance does not render the balance inaccurate. Indeed, she does not allege that she did not enter into a contract with Verizon, that she did not receive the devices, or that she returned them. Nor does she allege that Verizon forgave the debt, agreed to settle it for a lesser amount, or received any payment from her after the dispute began. To the contrary, her own exhibits confirm the existence of the contract, the amount owed, and that Verizon reported the account as charged off with an unpaid balance of $5,332.

Because McDaniel has not plausibly alleged any inaccuracy in her consumer file, she has not stated any violation of the FCRA, let alone that Defendants acted willfully or negligently under it. All FCRA claims will therefore be dismissed. She also asserts a state law negligence claim against Defendants, premised on their alleged failures to comply with the FCRA. As McDaniel

---

[6] According to an email exchange between Plaintiff and Verizon, Plaintiff's January 3, 2023, payment of $933.17 was reversed for insufficient funds. Doc. No. 15-5 at 3.

has not stated any viable FCRA violation, her negligence claim likewise fails and will be dismissed.

Finally, McDaniel asserts a state law breach of contract claim against Verizon. However, in the absence of a viable federal claim, the federal question jurisdiction on which this action depends is lacking and the court may decline to exercise supplemental jurisdiction over her remaining state-law claim. *See* 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *ESAB Grp., Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 394 (4th Cir. 2012); *McCorkle-Turner v. Charlotte Mecklenburg Sch. Sys.*, No. 3:25-CV-00749-KDB-DCK, 2026 WL 1248722, at *1 (W.D.N.C. May 6, 2026). In its discretion, the Court declines to exercise supplemental jurisdiction. The merits of McDaniel's claim—on which this Court expresses no view—are left for resolution in state small claims court.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion for Leave to Amend Complaint (Doc. No. 11) is **DENIED** as moot;
2. Plaintiff's Motion for Leave to File Amend Complaint (Doc. No. 15) is **GRANTED**;
3. Pursuant to the Court's prefiling review, Counts Two and Three of Plaintiff's Amended Complaint are **DISMISSED**;
4. Defendant Experian's Motion to Dismiss (Doc. No. 26) is **GRANTED**;
5. Plaintiff's Motion to Remand (Doc. No. 20) is **GRANTED** only to the extent set forth above;
6. Defendant Experian's Motion to Strike (Doc. No. 38) is **GRANTED**;
7. Plaintiff's Motion for Judgment on the Pleadings and Summary Judgment (Doc. No. 40) is **DENIED** as moot; and
8. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: August 31, 2026

Kenneth D. Bell
United States District Judge